ELIZABETH L. DUNGAN *vs.* PETER VONDERSMITH, and
Wife, and others.

*Validity of a Sale under a Decree—Correctness of Decree and
formality of Trustee's bond as affecting Validity of Sale—
Conduct of Original trustee as affecting Sale made by his
Successor.*

The validity of a sale, as a general rule, does not depend upon the judicial
correctness of the decree or the formal execution of a sufficient bond by the
trustee; the one may be erroneous in law and the other informal and insuffi-
cient, and yet the sale be above exception

The misconduct of the original trustee, if proved, cannot avail to set aside a
sale made by his successor.

APPEAL from the Circuit Court for Baltimore County, in
Equity.

The case is stated in the opinion of the Court

The cause was submitted to BARTOL, C J., BOWIE, MIL-
LER, ALVEY and ROBINSON, J.

*W. F. Wharton,* for the appellant.

*R. R. Boarman,* for the appellees.

BOWIE, J , delivered the opinion of the Court.

By a decree of the Circuit Court for Baltimore County,
sitting as a Court of equity, passed in the case of *Peter
Vondersmith, and others vs. John Wolf, and others,* on the
12th of July, 1871, the real estate of which Daniel Vonder-
smith died seized, was decreed to be sold, for partition

among his heirs, and Peter Vondersmith appointed trustee to execute the decree. This decree appears from endorsement thereon to have been passed by consent of the solicitors for the complainants and defendants, after the return of a commission issued and executed. On the 6th of November, 1872, Peter Vondersmith, the trustee, filed his petition in the cause, stating he had advertised the property for sale at the Exchange Sale Rooms, as per advertisement therewith filed in accordance with the decree, and having no offer he withdrew the same. ·

The petitioner represented that he was unable from want of health to attend to the sale of the property, and prayed he might be discharged and some one appointed in his stead. Whereupon the Court by an order of the same date discharged him and appointed R. R. Boarman, Esq., trustee to execute the decree upon the same conditions and requirements as therein prescribed.

Mr. Boarman, on the 26th of May, 1874, reported to the Court, that after repeatedly advertising the same for sale on the premises, at Catonsville, and at the court house door, he failed to obtain a price which the parties interested were willing to take, and the sale was withdrawn and the property was still on hand for want of purchasers. The trustee further reported that in the mean time the dam had washed away and he had deemed it his duty to have it rebuilt, that the tenant had superintended the rebuilding ; that he was paying certain rents, and prayed the matter might be referred to the auditor to state an account, and report as to the propriety of the allowance, etc.

On the 4th of February, 1875, the trustee further reported that having previously made several ineffectual attempts to sell the property, he again advertised the said real estate to be sold on the 1st day of February, 1875, at the court house door at Towsontown, after three weeks notice in the Maryland Journal and by handbills, and in

pursuance of said advertisements he attended at the time and place of sale, and then and there sold the same to Alex. H. Horner, for the sum of two thousand dollars, he being the highest bidder for the same.

An order of ratification *nisi* being passed on this report, exceptions were filed by the appellant, which being overruled, an appeal was taken from the order of the Court of the 21st of October, 1876, overruling the exceptions and finally ratifying the sale.

The exceptant filed two series of objections, and took testimony under an order of the Court, to sustain them as far as they were the subject of proof.

The first series, as far as they were specific, objected that the bond of the trustee was not such as is required by law, and was irregular and defective.

2ndly. That the price is grossly inadequate, accompanied by circumstances, fraught with suspicion.

The supplemental exceptions charged that the sale should not be ratified.

1st. Because the decree *pro confesso* against non-resident infants, filed in this cause, is prohibited by the Act of 1868, ch. 200.

2nd. Because the appellant is made a party complainant asking relief under a wrong name and without her knowledge or consent.

3rd. Because the original trustee Vondersmith, refused to sell the property for $5000, and afterwards procured his own discharge as trustee, and the appointment of his own solicitor in his stead, and became sole surety on the trustee's bond who reported the sale to Horner, another agent of the said trustee, for $2000.

4th. Because the price is greatly below what had been repeatedly offered, and might have been obtained if the trustee had used reasonable efforts to clear the title.

5th. Because it appears by the testimony of Purnell, that the original trustee refused $5000 for the property,

Dungan *vs.* Vondersmith and Wife, *et al.*

and gave as a reason, he was getting $500 a year rent, etc.

6th. Because the recital of the trustee's bond refers to a decree which does not exist, and is therefore void.

The objections to the decree and the bond, as grounds of exception to the ratification of the sale, are alike untenable as far as the exceptant is concerned.

The validity of the sale does not, as a general rule, depend upon the judicial correctness of the decree, or the formal execution of a sufficient bond. The one may be erroneous in law, and the other informal and insufficient, and yet the sale be above all exception.

Upon examination it will be found, that although a decree, nominally "*pro confesso*," was signed, it was actually an interlocutory decree, requiring a commission to be issued to take testimony in support of the allegations of the bill.

After the return of which, the final decree, authorizing the sale of the premises, was passed. The exceptant has not shown herself to be one of the non-resident infant defendants, who would be prejudiced by the passage of a decree *pro confesso*.

The objection that she has been made a party complainant by a wrong name, answers itself. If she is not the person described as a complainant in the bill, she is not bound by the decree, and cannot be prejudiced by the sale. On the other hand, if she is a party to the proceeding, those who have used her name without proper warrant, and thereby subjected her to loss or damage would be responsible at law.

The misconduct of the original trustee if proved, cannot avail to set aside a sale made by his successor.

There is not in the judgment of this Court any evidence to warrant the imputation of collusion and combination between the original trustee and his successor; or to create the slightest suspicion in the minds of dispassionate

and disinterested judges, of the fairness of the sale and the integrity of the trustee.

The inadequacy of price as compared with former valuations and estimates, is easily explained by the general depreciation of real estate, and the dilapidation and decay necessarily incident to the species of property in question, in the hands of tenants.

The order appealed from will be affirmed with costs, and the cause remanded for further proceedings.

*Order affirmed with costs,*
*and cause remanded.*

(Decided 27th June, 1878.)