# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 18, 1907.

---

EX PARTE IN THE MATTER OF ANNIE VONDERHEIDE, A LUNATIC.

---

*Henry Duffy* and *Jos. Packard, Jr.,* for exceptants.

*Henry A. Ulrich* and *Paul Johannsen* for committee.

**ELLIOTT, J.—**

The exceptions filed in this cause to the ratification of the sales made by Henry A. Ulrich, committee of Annie Vonderheide, must be overruled and said sales ratified.

The ground upon which the exceptions were based do not involve either the fairness of the method adopted by the committee, nor is there any claim that the price obtained was inadequate.

On the contrary, the only reason assigned and that was assigned by the purchasers, is that this court was without jurisdiction to appoint the committee, and therefore without authority to authorize or ratify any sale of the property of the alleged lunatic. And the exceptions are based upon what is thought to be the application of the recent decision of the Court of Appeals in the cause of the Supreme Council of the Royal Arcanum and Camilla D. Nicholson vs. Camilla D. Nicholson, Jr., wherein the court decided that as a general rule "the party proceeded against must be given timely notice of the proceedings, and an opportunity to be heard."

I have no right, as I have no disposition, to question in any way the correctness of a decision of our highest court, but I am under obligation to decide whether any particular decision is applicable to the cause in hand.

Meeting that obligation in this case, I am compelled to say that I do not view the decision in the case referred to as controlling in this, and this is so for a number of reasons.

In the first place, the point raised is not in the interest of, but against the interest of the party, for whose benefit this court assumed jurisdiction and appointed a committee.

In the next place, this is practically a collateral attack upon a decree which this court has passed, where the parties thereto are not seeking to have it annulled, and the decree cannot be attacked in that way. Hamilton vs. Traber, 78 Md., 28.

The proposition put to the court by these exceptions is that it must annul the effect of a decree which was at the time of its passage not only in accord with the usual practice, but was not in violation of any statute law upon the subject, and the court is asked to do this after rights have attached, which depend upon the decree itself. It may be that it is against not only the policy of law, but in violation of the common principles of justice to determine questions involving the fundamental rights of a person without giving him notice, but when those proceedings are taken not for the purpose of the destruction, but rather for the protection of those rights, and when jurisdiction remains with the court, which can at any time rectify a mistake made or a wrong done, it is not necessary to argue that apprehensions of injustice are rather sentimental than real.

And it does not necessarily appear that the actual bringing of the body of the alleged lunatic before the jury is essential to such a notice, otherwise the court would have no right under any circumstances to dispense with the necessity of such appearance. If, therefore, in any case a valid decree could be passed in lunacy proceedings where the alleged lunatic does not appear before the jury, then it clearly follows that before any decree can be impeached on account of such nonappearance it must be alleged and shown that there is at least reasonable ground for the belief that the finding of the jury would have been different had the alleged lunatic appeared before them. The present therefore is not a question of jurisdiction, not as to whether this court had the right and power to approve the finding of the jury and appoint a committee to take charge of the person and estate of Annie Vonderheide, but whether it should have done so under the facts as they appeared.

We may suppose, for the sake of the argument, that the facts did not justify the decree; that the court would not have passed the decree if its attention had been called to the fact, if it were a fact, that the alleged lunatic had not appeared before the jury, but is only necessary to say that the court did pass its decree, and sales made under it are good without regard to its correctness. Dungan vs. Vondersmith, 49 Md., 249; Dugan vs. Baltimore, 70 Md., 7; Ball vs. Safe Deposit Co., 92 Md., 508.

"Jurisdiction" has been defined to be "the power to hear and determine." "If the judgment is erroneous, the remedy is by appeal, and until reversed on appeal the judgment is binding on the parties to the suit." Dugan vs. Baltimore, 70 Md., 7.

The court has jurisdiction over both the person and the estate of Annie Vonderheide, given it by the law provided in just such a case. Its decree is binding until reversed or annulled. It can neither be reversed or annulled by exceptions to a sale made under the decree, and while in force due respect and effect must be given it.

This court holds, therefore, that the sale made by its committee must be ratified for anything shown to the contrary, and an order will be signed to that effect.