LORANCY DOBBS, Administratrix of the Estate of Daniel Dobbs, deceased, *Plaintiff in Error*,

*vs.*

NATHAN S. GREEN, *Defendant in Error.*

ERROR TO THE JEFFERSON COUNTY COURT.

In pleading, a demurrer interposed, reaches back to the first fault committed.

A misjoinder of counts, one alleging a promise by the intestate, and another by the administratrix, is bad upon the record, and may be taken advantage of by writ of error.

Several counts in a declaration, which require judgments of a different nature, cannot be joined.

This was an action of assumpsit, brought by the defendant in error, against the plaintiff in error, in the Jefferson County Court, to enforce a mechanics' lien against the premises occupied by the intestate in his lifetime, for materials furnished in the erection of a certain barn, and fence thereon.

To the declaration, the defendant pleaded in abatement, the statute prohibited bringing a suit against administrators during the time limited for the payment of debts of the deceased. To this plea there was a demurrer and joinder. Upon the argument, the County Court sustained the demurrer; judgment was rendered against the plaintiff by default, for the sum of $11.83 damages, and $31.59 costs.

The declaration contains three counts. The first alleges that Daniel Dobbs, in his life-time, was indebted to the plaintiff for work and labor, and materials found, in the erection and completion of a barn and fence upon the premises occupied by the said Dobbs,

to the amount of $100 ; yet the said Daniel Dobbs, in his life-time, and the defendant, administratrix, after the death of said Dobbs, not regarding their promises, but contriving and intending to deceive and defraud the plaintiff, have not, nor hath either of them as yet paid the said sum of money, or any or either of them, or any part thereof, although often requested so to do ; but to pay the same or any part thereof to the said plaintiff, the said Daniel Dobbs in his life-time wholly refused, and the said defendant hath ever since the death of said Dobbs, refused and still refuses so to do.

The second is upon an account stated with the administratrix, that the said administratrix undertook and promised to pay the said plaintiff the said sum of $100, whenever she should be afterwards requested, yet not regarding, &c., hath hitherto refused, &c. It further alleges that the said Daniel Dobbs, in his life-time, was indebted to said plaintiff in the further sum of $12.50, for goods, wares, &c., sold and delivered him, for the erection of a certain barn upon the premises occupied by him ; which sums of money remaining unpaid, the said defendant, as administratrix, undertook and promised to pay, &c.

To which declaration, the following plea is interposed in substance ; that within a less period of time than one year, before the commencement of this suit, administration of the estate of Daniel Dobbs was granted to this defendant according to law ; that by an order of the Court of Probate, pursuant to the statute, this defendant as administratrix of said estate, was allowed a time of one year for disposing of the estate and paying the debts of said deceased, which time has not elapsed.

That commissioners were appointed to receive, examine and adjust all claims against the deceased, and that they had qualified and entered upon and discharged their duties as such commissioners.

That by sec. 15, of chap. 70, of the Revised Statutes, it is provided that "when commissioners shall be appointed, as provided in this chapter, for examining and allowing claims against any estate, no action shall be commenced against the executor or administrator, except actions of ejectment to recover the seizin, or possession of real estase, and actions of replevin, until the expiration of the time limited by the court for the payment of the debt," &c. Therefore she prays judgment, &c.

*J. E. Holmes*, for the plaintiff in error.

The plaintiff in error was entitled to judgment on the demurrer :

1st. Because the plea showed a good cause for abating the suit. *Rev. Stat., chap.* 70, *sec.* 1–11, *p.* 369 ; *id. sec.* 14, 15, *p.* 371 ; *id. sec.* 31, *p.* 373.

2d. The court below erred in sustaining the demurrer, because there was no sufficient declaration. The rule being, that judgment on demurrer must be against the party committing the first fault. *Stephens on Pleading*, 144 ; *United States vs. White et al.*, 2 *Hill*, 59.

3d. The statute is in derogation of the common law, and must be strictly construed. *Jones vs. Alexander*, 3 *S. & M.* 627 ; *Tilford vs. Wallace*, 3 *Watts*, 141 ; *Rherer vs. Zeigler*, 3 *W. & S.* 258 ; 8 *Barr.* 478, *Lanman's Appeal.*

4th. A party seeking a remedy under it, must count upon the statute, and set out in his declaration

all material facts necessary to show his right. *Stozel* <sup>Dec. Term</sup>
*vs. Westcott,* 2 *Day,* 418 ; *Ezra vs. Monlone,* 7 *Black.*
389 ; *Thorp vs. Rankin,* 4 *Harrison,* 36 ; *Lyttle vs.*
*Thompson,* 2 *Greenl.* 228; *Roxter vs. Martin,* 5 *id.* 76 ;
*Bass et al. vs. Steele,* 1 *Peters' C. C.* 406 ; *Almy vs.*
*Harris,* 5 *Johns.* 175; 1 *Pick.* 177 ; 4 *id.* 341 ; 2
*Mass.* 325.

5th. The declaration is insufficient in substance, in
joining counts or promises, requiring different judg-
ments. 8 *B. Monroe,* 521.

6th. The judgment is erroneous, being against the
administratrix personally, and not against the estate
of the intestate. 8 *R. Monroe,* 521 ; 3 *Monroe,* 223 ;
2 *South.* 686.

*Collins, Smith & Keyes,* for the defendant in
error.

. The demurrer to the plea in abatement was pro-
perly sustained. The proceeding was *in rem.,* or in
the nature of such proceeding, to subject property
under the Mechanics' Lien Law, and not to recover
or collect a debt from the estate. *Revised Statutes,*
*chap.* 120, § 8.

No debt shall remain a lien longer than one year,
&c., unless a claim be filed, and an action commenced
within one year, &c. And in all cases, any person
having filed a claim or petition for a lien, may pro-
ceed by personal action against the debtor or his ad-
ministrator, &c. *Sec.* 4, *chap.* 120, *Rev. Stat.* ; *Sec.* 8,
*same chapter.*

*By the Court,* Smith, J. The declaration in this
case is clearly bad, and the demurrer by the plaintiff
below, to the plea of the defendant below, reached

DEC. TERM
1853.

Dobbs
vs.
Green
back to the declaration. There is a misjoinder of
counts ; one alleging a promise by the intestate, and
another alleging a promise by the administratrix.
These would require different judgments, therefore
cannot be joined. *Moody vs. Erwen's Executors*, 8
*B. Monroe.*

Nor is the judgment in conformity · with the
statute.

The judgment of the court below is reversed,
with costs.