LORANCY DOBBS, Administratrix, Plaintiff in Error,

*vs.*

ADAM·ENEARL, Defendant in Error.

- ERROR TO JEFFERSON CIRCUIT COURT.

The lien of the mechanic, laborer or material man, is created or fixed by the filing of the petition.

No action lies to enforce a lien in behalf of a mechanic or material man unless the petition for the lien is filed during the lifetime of the testator or intestate.

Unless the claim or petition for the lien is filed during the lifetime of the testator or intestate, creditors of that class are in the same condition as other creditors.

THIS is an action of assumpsit, commenced by the defendant in error against the plaintiff in error, as administratrix, to enforce a mechanic's lien, under chapter 120 of the Revised Statutes, for labor and materials furnished, during the lifetime of the intestate, in building a barn and fence upon premises occupied by said intestate during his lifetime.

The record shows that the plaintiff's claim of lien was filed on the 13th day of August, 1851, in which is alleged the contract for the furnishing of labor and materials for the construction of the barn and fence aforesaid, and the furnishing of said materials and performance of said labor prior to the 20th day of October, 1850. Process was issued returnable and returned at the October term, 1851, when the plaintiff's declaration was filed, in substance as follows:

The first count alleges that Daniel Dobbs, on the 20th day of October, 1850, was indebted to the plaintiff, for work and labor, and materials found in the erection of a certain barn and fence, located in the village of Lake Mills, on lot 8, in block 7, occupied by the said Dobbs, to the amount of $105.08. "Yet the said Daniel Dobbs in his lifetime, and the said administratrix after his death, have not, nor has either of them, paid the same, but neglected and refused, though often requested," &c.

The second count alleges that on the 20th of October, 1850, the said Daniel Dobbs, in his lifetime, at the place aforesaid,

was indebted to the plaintiff in the further sum of $105.08, for goods, wares and merchandise before that time sold, &c., and for work and labor before that time done and performed at his request; and the said Daniel Dobbs, in his lifetime, being so indebted, and the said goods and chattels, work and labor, being furnished, done and performed in and about the erecting of a certain barn and fence, upon the premises aforesaid, and for which a lien has been filed; and said several sums of money being and remaining unpaid, the said administratrix, in consideration thereof, undertook and promised to pay upon request, but neglected and refused, to the damage, &c., to which was attached a bill of particulars of the plaintiff's demand.

To this declaration the defendant pleaded in abatement, the statute prohibiting the bringing of suits against executors and administrators within the time limited for the payment of debts, and alleged that letters of administration were granted to the defendant on the 16th day of January, 1851, the allowance of a time, to wit: one year, from the date of said letters, for disposing of the estate, and paying the debts of the deceased—the appointment of commissioners to receive and adjust claims against the estate; the qualification and discharge of their duties by said commissioners, with an averment that this action is not within the exception of the statute.

To this plea the plaintiff demurred, which demurrer was sustained.

The defendant thereupon, at the January term, 1852, pleaded the general issue, and two special pleas in bar, averring the granting of administration as before, the appointing of commissioners, their qualifying and acting; the presentation of the same identical claim in said plaintiff's declaration mentioned; the adjusting thereof by said commissioners, and the allowing a final balance upon the same against said estate, of the sum of ninety dollars and eight cents, which was on the 2d day of August, 1851, duly reported to the Probate Court, and remains unreversed, and in no manner appealed from or vacated.

To this plea the plaintiff demurred; and afterwards, and before the hearing of the demurrer, the defendant moved that the plaintiff's claim of lien be stricken from the record, for the reasons, that it alleges that the contract was made in 1851, and the

work and labor was done, and materials furnished in 1850, and that said claim was inconsistent with the plaintiff's declaration, in respect to the statement of the contract.

The court, upon argument, overruled the motion; and upon further argument, sustained the plaintiff's demurrer to the defendant's special pleas.

Upon motion of the plaintiff, the cause was thereupon brought to trial, upon the plaintiff's declaration, and the plea of general issue, and judgment rendered for the plaintiff for the sum of eighty-nine dollars and fifty-five cents, damages and costs of suit.

Thereupon the defendant moved for a new trial, upon a bill of exceptions setting forth the declaration, proceedings, demurrers, motions, &c.

It is not necessary to state the details of the evidence, further than that it appeared that the lien of the plaintiff below was not filed until after the death of the intestate. The same defects in pleading as were noticed in *Dobbs vs. Green* are here observable.

*J. E. Holmes*, for plaintiff in error.

*Wm. Dutcher*, for defendant in error.

*By the Court*, SMITH, J. This case is substantially like that of *Dobbs vs. Green* heretofore adjudicated by this court, and reported 2 *Wis. Rep.* 228, and of course must take the same direction, unless some sufficient reason is presented to invalidate that decision. None such has been offered, and the judgment of the court below must be reversed.

But we have gone further, in this case, and have determined that no action lies to enforce a lien in behalf of a mechanic or material man, unless the petition for the lien is filed during the lifetime of the intestate or testator.

The lien is created by the filing of the petition. Unless this is done, creditors of this class, are placed in the same condition as they would otherwise occupy, in case chapter 120 of the Revised Statutes had not been enacted. *See Rev. Stat. ch.* 120, *also Dobbs vs. Green*, 2 *Wis. Rep.* 228.

The same fault in pleading is observable in this case, as in *Dobbs vs. Green*, before referred to.

Judgment of the court below reversed, with costs, &c.