## Case No. 3,151.

### In re COOK et al.

[3 Biss. 116;[1] 3 Chi. Leg. News, 410.]

District Court, W. D. Wisconsin.  Sept., 1871.

MECHANIC'S LIEN UNDER STATE LAW—WHEN ATTACHES—PETITION FILED BY LEAVE—BANKRUPT LAW RECOGNIZES LIENS—HOW FAR GOOD—NOT FOR WORK DUE AFTER PETITION FILED.

1. The lien created by the statute of Wisconsin attaches from the time the building was commenced, or the materials furnished.

[Cited in Re Hoyt, Case No. 6,805.]

2. A person claiming a lien should not proceed in the state courts after petition in bankruptcy filed, without leave of this court.  The doing so is a contempt, and until discontinuance of such suits the claimants will not be protected by this court.

[Cited in Davis v. Anderson, Case No. 3,623; Phelps v. Sellick, Id. 11,079; Re Brunquest, Id. 2,055.]

3. The bankrupt act [of 1867 (14 Stat. 523)], provides for the protection of legal liens against the bankrupt's estate, instead of destroying them, and where a party has a lien when the petition in bankruptcy is filed, the court in bankruptcy will adjudicate upon and protect it.

[Cited in Re Hufnagel, Case No. 6,837; Re Gorham, Id. 5,624.]

4. The lien is only good for the articles actually used in the building, or sold for such use.

5. On a contract not completed when petition was filed a pro rata allowance only should be made.

6. Parties having commenced suits in the state courts without such consent must discontinue them before they can be paid by the bankruptcy court.

7. For work done afterwards nothing should be allowed.  Parties cannot thus create a lien upon property in the possession of the court.

This was an application by divers mechanics and others who claimed liens for their work upon and materials used in a certain store lately erected by the bankrupts, for which they had not been paid at the commencement of proceedings in bankruptcy.  They went on and finished, or claimed to finish the building after the proceedings in bankruptcy were commenced.  They then filed their petitions, in conformity with the state law, to perfect their liens, and commenced suits against the bankrupts and the assignee in bankruptcy, to enforce them in the state courts.  This court, upon the application of the assignee, stayed such suits, and directed the property to be sold free of all liens of that character, and that the proceeds be paid into court, and ordered that all such liens be transferred to that fund in the registry of the court.  The mechanics and others, after such sale, filed proof of their claims in this court, and now ask to be paid the amount thereof, with their costs in the suits prosecuted in the state courts to enforce the same.  The material sections of the Wisconsin mechanics' lien laws are as follows:

Tayl. St. p. 1761, § 1 (Rev. St. c. 153): "Ev-

ery dwelling house or other building hereafter constructed, repaired or removed, * * * together with the right, title and interest of the person or persons owning such dwelling house, etc., in and to the lands upon which the same shall be situated * * * shall be subject to the payment of all debts contracted for, or by reason of any work done or any material found or provided by any bricklayer, stonecutter, mason, etc., or any other person employed in erecting or furnishing materials in the erection, construction, protection or repairing or removing of such dwelling house, etc., before any other lien which originated subsequent to the commencement of such house, building, or repairs or removal."

Tayl. St. p. 1764, § 6 (Laws 1858, c. 59, § 1): "No such debt for work and materials shall remain a lien upon such lands, etc., longer than one year from the time of furnishing of materials, or the performance of the labor, unless a petition or claim for the same be filed, and an action for the recovery thereof be instituted, within the same year.  Such petition or claim shall be filed in the office of the circuit court of the proper county, within six months from the date of the last charge for work and labor performed, or materials furnished."

Tayl. St. § 9 (Laws 1859, c. 113, § 4): "In all cases of lien granted by the provisions of chapter 153 of the Revised Statutes, where right of action has at the time of the passage of this act accrued, and action has not been commenced, the person or persons claiming the benefit of such lien, shall, before being entitled to maintain an action for the same, and within sixty days after this act shall take effect, file the petition or claim as provided by section 1 of this act."

W. P. Bartlett and A. Meggett, for lien claimants.

Tenney, McClellan & Tenney, for assignees.

HOPKINS, District Judge.  I think the lien created by chapter 153 of the Revised Statutes of the state of Wisconsin, entitled, "Of the Lien of Mechanics" (Tayl. St. p. 1761), attaches from the time the building was commenced, upon which the work was done or material used.  Sections 1 and 4 taken together are so clear upon that point that there seems little room for difference of opinion.  The case (Dobbs v. Enearl, 4 Wis., 451) cited by counsel for assignee as establishing a contrary doctrine has, I think, been substantially overruled by the cases of Witte v. Meyer, 11 Wis., 295, and of Jessup v. Stone, 13 Wis., 466; at all events as it has not been followed by the court which pronounced it, and as it is so widely different from my understanding of the statute, I do not feel disposed to follow it unless I am bound to, as the construction given to a state statute by the highest tribunal of the state.  And as later decisions of the same court

are at variance with it, I cannot regard it as the law of the state, but shall adopt the views expressed in the later decisions above referred to, which sustain the interpretation given by me to the statute as to the time the lien attaches. I therefore think that any mechanic who had a lien at the filing of the petition in bankruptcy would have a right, by leave of this court, to file a petition according to the provisions of section 4 of the act of 1859, so as to continue it, notwithstanding the commencement or pendency of bankruptcy proceedings.

The bankrupt act provides for the protection of legal liens against the bankrupt's property, instead of destroying them; I hold, therefore, that where a party has a lien when the petition in bankruptcy is filed, but according to the requirements of the statute, in order to continue it beyond a certain period, it is necessary to file a petition in the clerk's office, such party having first obtained the leave of this court, has the right to file such petition, and thereby continue the lien thereon, or if he does not file his petition in the clerk's office, but asks to have his rights established in this court, that the court should hold that as against property in the hands of an assignee in bankruptcy it should not be necessary to file a petition in the state court to continue it. In re Coulter [Case No. 3,276]. See opinion of supreme court of Massachusetts in Re Clifton v. Foster [103 Mass. 233].

Since the commencement of proceedings in bankruptcy and the appointment of the assignees, several parties have commenced suits against bankrupts and assignees to enforce their liens in the state circuit court. These suits were improperly brought. The liens of mechanics and all others should be presented to and be ascertained by this court, and the parties claiming those liens have no right to bring such suits in the state court without first obtaining leave of this court to do so. Angel v. Smith, 9 Ves. 335; In re Heller, 3 Paige, 199; In re Hopper, 5 Paige, 489; Wiswall v. Sampson, 14 How. [55 U. S.] 52. I therefore disallow the costs of all those cases, and direct the assignee or clerk to pay only the amount of the lien in such case.

If a party has a claim, lien or interest in the property in the hands of an assignee in bankruptcy, he should apply to this court for relief, and this court may grant the relief or allow a suit to be brought either in this or the state courts to determine the same; but without such consent I think parties have no right to sue, and are guilty of a contempt of the authority of the court in so doing. This principle is applicable to every interference with the possession of a receiver, sequestrator, committee or custodian who holds property as the officer of the court, as his possession is in law the possession of the court itself. Edw. Rec. 129; In re Heller, 3 Paige, 199; Kaye v. Cunningham, 5 Madd.

406; In re Hopper, 5 Paige, 489; Taylor v. Carryl, 20 How. [61 U. S.] 583.

Those parties who have commenced such suits must discontinue them before they can be paid by this court the amount of their claims. This court acquired jurisdiction over the property and the bankrupts and had taken possession of the property. It will, therefore, insist upon its right to administer and distribute the property. Parties should understand that they have no right to commence suits against assignees in bankruptcy to affect the property, for as they are accountable to this court for the property, it is the duty of the court to protect them in the possession. The federal courts sedulously avoid all interference with property held by the state courts or their officers, and they with equal solicitude and firmness maintain their right to hold property which is in their possession, or in the custody of their officers, against the process of any state court, and will not permit persons through process issuing from state courts to interfere with impunity with property so in possession of the federal courts, or their officers; and this principle has in the United States supreme court, as stated in Taylor v. Carryl, 20 How. [61 U. S.] 595, received its clearest illustrations, and it has been employed most frequently in that court, and with most benign results. And as stated in that opinion, "It forms a recognized portion of the duty of this court to give preference to such principles and methods of procedure as shall seem to conciliate the distinct and independent tribunals of the states and of the Union, so that they may co-operate as harmonious members of a judicial system, co-extensive with the United States and submitting to the paramount authority of the same constitution, laws and federal obligations."

Upon filing discontinuance of the suits pending in the state courts for the enforcement of such liens, the clerk will pay out of the funds in court due from such sale, the amount of liens hereby allowed. In Bosworth & Son's Case, the issue is as to whether the materials were furnished and used for this store. The only proof is that of Mr. Gleason, who says only $396.90 of those charged were actually used in the building; the balance was used by another firm, who were building adjoining to them. I shall only, therefore, allow that sum. When the material is not in fact used by the party in the building sought to be charged, the seller must show that they were sold to be so used (Esslinger v. Huebner, 22 Wis. 633), which he failed to do in this case. In the case of Sanborn & Butterfield, for work, they claim $91.81, but Mr. Gleason testified that they had not finished their contract and that it would be worth $25 to finish it; so I deduct from the claim $25, and allow it at $66.81 and interest. It appears from the bill of particulars annexed to Bangs & Fish's proof that $147.51 of the amount of the claim was

for work done after filing the petition in bankruptcy. This part of the claim is not allowable. Mechanics should have stopped then, and if they went on they certainly cannot create a lien upon the property when in the possession of the court. Their claim is allowed at $393.64, and interest at seven per cent. since January 1, 1871.

NOTE [from original report]. That a creditor claiming a lien must proceed in the bankrupt court, or obtain leave from that court, consult Smith v. Kehr [Case No. 13.071]; In re Ulrich [Id. 14,328]. For construction of the mechanic's lien law in other states. on similar questions. consult In re Dey [Id. 3,870]; In re Gregg [Id. 5,796.]