BRYANT VS. SMALL and another.

MECHANICS' LIEN: BANKRUPTCY. (1) *How lien may be lost.* (2) *Effect on lien of proceedings in bankruptcy.*

1. While the lien of mechanics, etc., is *created* by virtue of the statute and of the performance of the labor or furnishing of the materials, it may

. be *lost* by an omission of the steps required by the statute for its enforcement.

2. After the labor was performed and materials furnished for which plaintiff claims a lien, and before the petition was filed, the owner of the building was declared a bankrupt in the U. S. district court for the eastern district of Wisconsin, and a trustee in bankruptcy was appointed. Afterwards this action was commenced (within the period prescribed by the statute), in a circuit court of this state, against the debtor and the trustee in bankruptcy, to enforce the lien. *Held*, that the circuit court should not dismiss the action, but should order it to be *continued* to await the action of the district court in the bankruptcy proceedings; it being uncertain whether that court will hold that it can enforce such a lien unless it be kept alive by petition and action pursuant to the statute of this state.

APPEAL from the Circuit Court for *Milwaukee* County. ·

This was a mechanic's lien proceeding under the statute. The circuit court dismissed the complaint for want of jurisdiction, because of the pendency of proceedings in bankruptcy against the owner of the building; and plaintiff appealed. The facts appear in the opinion.

*Mariner, Smith & Ordway*, for appellant, argued that this was purely a statutory action, and the remedy must be taken upon the terms of the statute, or not at all. *Arnet v. Milwaukee Mechanics' Mut. Ins. Co.*, 22 Wis., 516, and cases there cited; *Clifton v. Foster*, 3 Bankr. R., 162; *S. C.*, 103 Mass., 233. The district court could not entertain the petition for the lien, nor pass upon it directly in an original action brought to enforce it. · And while it is possible that it might by order draw the case to it through injunction, as in the case of the *Kerosene Oil Co..* 3 Bankr. R., 31, it has not attempted so ·to do. *In re Sacchi*, 4 Chicago Legal News, 289. It is not denied that the amount is due, and that it ought to be adjudged a lien. Why should not the state court proceed to the adjudication? It is the usual practice. *Norton's Assignee v. Boyd*, 3 How., 434; *In re Bowie*, Bump on Bankruptcy (6th edition), 186. It was absolutely necessary to file the petition and to commence the suit, in order to prevent the lien from lapsing. If the trustee

desired the interference of the district court, he could have appeared and asked it. There is, therefore, no ground for dismissing the complaint.

*Finches, Lynde & Miller, contra,* contended that the jurisdiction of the bankrupt court was exclusive, and the state court could entertain no jurisdiction in any matters arising under the bankrupt law. *Bingham, assignee, v. Claflin,* 31 Wis., 607; Bump on Bankruptcy (6th ed.), 185. The appellant has a complete remedy, under and by virtue of the provisions of the bankrupt law, in the bankrupt court. That court can protect all parties, and is the only court which can do equal justice to all. The state court has no power to do anything but ascertain the amount of the lien as between the appellant and bankrupt. The district court can order the property sold, and the proceeds first applied to discharge the lien. It can ascertain whether there is any, and what amount due appellant, and whether or not it is a lien, and order the property sold subject to this lien. The argument that a mechanic's lien is a statutory proceeding, to be enforced only in a particular way and in strict accordance with the statute, must fail in view of the jurisdiction conferred upon the bankrupt court, and in view of the decisions of the United States supreme court, in *Payne v. Hook,* 7 Wall., 425, and *Railway Company v. Whitton,* 13 Wall., 270. These cases clearly establish the doctrine that because the state has given a right of action, in special cases, in a particular named court, the federal court can not be ousted of its jurisdiction in a case where that jurisdiction would otherwise clearly exist.

COLE, J. This action was commenced to enforce a mechanic's lien. The complaint states that the labor was performed and the materials furnished for which the lien is sought, between the 12th of November, 1872, and the 13th of March, 1873. The petition for the lien was filed in the clerk's office on the 2d of May, 1873, and this action was instituted within

the time prescribed by the statute. It further appears that the owner of the building was upon his petition adjudicated a bankrupt in the district court for the eastern district of Wisconsin, on the 15th of March, 1873, and that afterwards such proceedings were had that the defendant, *Benj. K. Miller* was appointed trustee in bankruptcy for him and of his estate, pursuant to the provisions of section 43 of the bankrupt law, and has entered upon the duties of his office. The defendants failed to answer, and thereupon the plaintiff moved for judgment on the complaint. This was objected to by the defendants, on the ground that upon the allegations of the complaint it appeared that the bankrupt court had exclusive jurisdiction of the lien proceeding; and the circuit court, sustaining this view, denied the motion for judgment, and dismissed the complaint for want of jurisdiction. The correctness of this order or judgment is the only question to be considered.

It is claimed by the defendants that the plaintiff has a full and complete remedy in the district court, under the provisions of the bankrupt law, for the protection and enforcement of his lien, and that he should apply to that court for relief. It is possible that the jurisdiction of the ·district court under the first section of the bankrupt law would be held to extend " to the ascertainment and liquidation of " this lien, and that it would be enforced in that court upon the facts stated in the complaint, without any petition being filed or suit instituted in the state court to preserve and continue it. This seems to be the view taken of the bankrupt law by the learned judge of the western district in the cases of *In re Cook et al.*, 3 Bissell, 116, and *In re Hoyt*, id., 436. In the absence of a decision of the district court where the bankrupt proceeding is pending, we cannot assume that such would be its construction of the bankrupt law. That court might possibly hold that the petition must be filed and the suit commenced in the state court within the time fixed by the statute, in order to continue and enforce the lien. This court has held

that the lien exists by virtue of the statute and the performance of the labor, or the furnishing of the materials, but nevertheless the party must file his petition and commence his action within the period prescribed to enforce it, or it will be lost. *Witte v. Meyer*, 11 Wis., 296; *Rees v. Ludington*, 13 id., 277; *Jessup v. Stone*, id., 467; *Hall v. Hinckley*, 32 id., 362. There is certainly much reason for saying that the petition must be filed and action instituted in the proper court within the time limited, in order to preserve the lien, whether it is ultimately enforced in the state or federal court. At all events we cannot see that it will likely lead to any embarassment or conflict of jurisdiction for the circuit court to retain the cause until the bankrupt court has acted upon the subject. This was the course pursued in *Clifton v. Foster*, 103 Mass., 233, and we can perceive no objection to the practice. The bankrupt court may authorize the trustee to sell the property subject to the lien, or may proceed to ascertain the amount of the lien and enforce it in the bankrupt proceeding. But until that court takes some action in the premises, the rights of the plaintiff might be imperiled by the dismissal of the complaint. We do not suppose the circuit court can make any order which will interfere with the title or possession of the property in the hands of the trustee, unless the district court allows the property to be sold subject to this lien. But for the purpose of keeping the lien alive, it should order the cause to stand continued to await the action of the bankrupt court in the matter.

We do not think there is anything in these views which necessarily conflicts with the decision in *Bingham, assignee, v. Claflin*, 31 Wis., 607. In that case the jurisdiction of the state court was invoked to enforce a provision of the bankrupt law. Here that jurisdiction is appealed to in order to continue and keep in existence a lien given by the state statute, and which it is uncertain whether the bankrupt court will enforce or not.

*By the Court.*—The judgment of the circuit court, dismissing the complaint for want of jurisdiction, is reversed, and the cause is remanded with directions to continue the cause to await the action of the district court in the bankrupt proceedings.