## WALTER BALL, EXCEPTANT *vs.* THE SAFE DEPOSIT AND TRUST CO., TRUSTEE.

*Jurisdiction of Equity to Decree a Sale of Land Held in Trust With Remainders Over—Construction of Code, Art. 16, Sec. 198.*

An estate was devised to the Safe Deposit Company in trust for the use of the testator's children during their lives, and upon their death, to go, discharged from the trust, to the issue and wives of such children. The testator declared that "so long as my permanent ground rents are held in trust, I do not wish them to be sold." The testator left surviving him only one son who was unmarried. Under a bill in equity for the administration of the trust, a decree was passed authorizing the trustee to sell, from time to time, upon orders of the Court, whenever it shall appear that such sales are advantageous, any of the property held for the estate and to reinvest the proceeds. The trustee made a private sale of an irredeemable ground rent belonging to the estate to the appellant, who excepted to the ratification thereof. *Held,*

1st. That the authority of the Court to decree a sale of the ground rent was not derived from the will.

2nd. That the general chancery jurisdiction of the Court did not empower it to decree a sale in this case so as to affect the rights of unborn remainder-men after the expiration of the life-estate.

3rd. That the sale as made was not authorized by *Code*, Art. 16, sec. 198, which provides that when there is an estate for life and remainders, vested or contingent in the same land the Court may, on application of a party in interest, all other persons in being and having interest being made parties, decree a sale of the land, if it shall appear to be advantageous to the parties concerned at the date of the decree. That the decree in this case directing future sales was not a compliance with this statute, and the sale excepted to was not shown to be advantageous to the parties in interest at the time it was made.

4th. That since the Court was without jurisdiction to ratify the private

sale reported by the trustee the purchaser is entitled to except to its ratification on that ground, although there was no appeal from the first decree authorizing future sales.

Appeal from a *pro forma* decree of the Circuit Court No. 2, of Baltimore City.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Richard Bernard* for the appellant.

*D. K. Este Fisher* for the appellee.

BRISCOE, J., delivered the opinion of the Court:

The record in this case presents an appeal from a *pro forma* decree of the Circuit Court No. 2, of Baltimore City, overruling exceptions to the ratification of a private sale of the reversion and a ground rent issuing out a lot of ground situate in Baltimore City.

The sale was a private one and is reported as having been made on the 6th of August, 1900, under the authority of a decree passed in the Circuit Court No. 2, of Baltimore City, on the 25th of July, 1900, by the appellee, the Safe Deposit and Trust Company of Baltimore, trustee under the last will and testament of John K. McCulloh, deceased, to the appellant, Walter Ball.

The decree relied upon as conferring the power of sale was passed upon a bill filed by the trustee for a construction of the testator's will for the administration of the trust estate, under the supervision of the Court, for the authority to sell hereafter, from time to time, the trust property and to reinvest it under orders of the Court. The portion of the decree, with which we are now concerned, provides that the trustee is hereby authorized to sell hereafter, from time to time, upon orders of the Court, passed in the case, as occasion may arise, and whenever it shall appear to the Court that such sales are advantageous, any of the property or investments, real or personal, which it holds or may hereafter hold for the trust estate,

and to reinvest the proceeds of sale under like orders of the Court upon the same trusts.

Dr. McCulloh's will contains a large number of bequests, legacies and devises, but we only find it necessary in this case to consider two of them. By the twelfth item of the will he gave, devised and bequeathed to the Safe Deposit and Trust Company, of Baltimore, all the rest and residue of his estate of every kind whatsoever, not herein otherwise disposed of. "In trust for the use of all my children, for and during their respective lives, and upon the death of any one of my children leaving a wife, or issue living at the death of such one of my children, the trust as to the share of such a child shall cease, and its share shall be divided as follows: If there be a wife and no issue then living, the whole of the share shall go to the said wife; and if there be issue then living and no wife, the whole shall go to such issue *per stirpes*, and if there be a wife and also issue, the wife shall have the same part as one of the children of such one of my children so dying and the rest of the share shall be divided among said issue *per stirpes*."

By the sixteenth item, he authorized his executors and administrators, and all trustees and successors thereof to make any and all distributions which may become necessary, and in so doing he directed that the property itself shall be divided and not be sold unless it be absolutely necessary; but if the division cannot in the opinion of such executors, administrators, trustees or successors in office be made in a beneficial manner, he authorized them at their discretion to sell so much as may be necessary to make such division and distribution, and he provided, that "so long as my permanent ground rents are held in trust, I do wish them to be sold."

There were seven exceptions filed to the ratification of the sale, but they resolve themselves into two propositions. First, whether the Court had jurisdiction, under the proceedings in the case, to ratify and confirm the sale; second, whether under the testator's will his permanent ground rents could be sold during the continuance of the trust created by his will.

The Court below overruled the exceptions and ratified the sale and it is from this order that the appeal has been taken.

There is no dispute about the facts of the case. It is admitted that the testator left surviving him but one son, and he is unmarried; that he left no descendants of a deceased child, and that the ground rent purchased by the appellant is a part of the rest and residue of the testator's estate and passed under the twelfth item of the will.

Now it is very apparent from an examination of the testator's will that he conferred no power of sale upon the trustee to sell the permanent ground rents. On the contrary, the plain and express language of the will is, "but so long as my permanent ground rents are held in trust, I do not wish them to be sold." It is then very certain that the authority of the Court to decree the sale, was not derived from the will.

Nor was the Court's power to decree the sale in this case incident to, or derived from, its general chancery jurisdiction to decree sales of real estate. The case of *Long* v. *Long et al.*, 62 Md. 64, distinctly held that prior to the Act of 1868, ch. 273, a Court of equity had no power to decree a sale of real estate to bind the interest of unborn contingent remaindermen. In that case all parties *in esse*, including the trustee who held the legal title were before the Court, and the sale appeared from the proof to be advantageous. CHIEF JUDGE ALVEY, in the opinion, said : "It would seem to be clear upon the plainest principles that if some one of the real or substantial parties to the cause did not hold such relation to the property, and to these plaintiffs as contingent remainder-men, as made him a legal representative of the inheritance, so as to bind it by recovery against him, these plaintiffs were not represented in that proceeding, and are therefore not bound by the decree.  *  *  The acting trustee, holding the legal estate in the freehold only for the lives of the equitable life-tenants, with no powers, in his character as trustee, to enable him to sell or convert the real estate into money, clearly could not legally represent those entitled in remainder to the inheritance, as the law then existed. It is true, the heirs at law of the testator, who were parties to the cause, held the legal fee in the shares of the realty devised to the grandchildren in remainder until

those grandchildren should come into being, or until the death of their parents without issue. But it is a settled principle that where a person is seized in fee of an estate which is liable to be defeated by a shifting use, conditional limitation, or executory devise, the inheritance is not represented in a Court of equity by the person who has the fee thus liable to be defeated, except as against himself and those who take under him.''

We come, then, to the question, whether the jurisdiction to decree the sale of the property now in controversy, was conferred upon the Court by virtue of the Act of 1868, ch. 273, now Code, Art. 16, sec. 198. This statute declares that in all cases where one or more persons is or are entitled to an estate for life or years  *  *  or are entitled to a remainder or remainders, vested or contingent  *  *  or any other interest vested or contingent in the same land, *on application of any of the parties* in interest, *a Court of equity may*, if all the parties in being are parties to the proceeding, decree a sale or lease thereof, if it shall appear to be advantageous to the parties concerned, and shall direct the investment of the proceeds of sale  *  *  and all such decrees, if all the persons are parties who would be entitled if the contingency had happened at the date of the decree, shall bind all persons whether in being or not, who claim or may claim any interest in said land under any of the parties to said decree or under any person from whom any of the parties to said decree claims.

The jurisdiction of a Court of equity to decree a sale of land under this Act rests upon the concurrence of two conditions precedent, and they are that all parties in interest and in being, who would be entitled, if the contingency had happened at the date of the decree must be parties to the proceedings and the sale must be made to appear to be advantageous to the parties concerned. If these conditions, as contemplated by the Act, are not complied with, *at the date of the decree*, the Court will be without jurisdiction to decree a sale. The language of the Act is, "and all such decrees if all the persons are parties who would be entitled if the contingency had

happened *at the date of the decree*, shall bind all persons whether in being or not, who claim any interest in said land under any of the parties to the decree."

The decree of the Court which is objected to in this case, not only directed a sale of the property mentioned therein, but it authorized the trustee, under Dr. McCulloh's will to make future sales " and to sell hereafter, from time to time, as occasions may arise, and whenever it shall appear to the Court that such sales are advantageous, any of the property which it holds or may hereafter hold for the trust estate." The particular ground rent now in dispute is not mentioned in either the bill or the decree, but was sold by the trustee at private sale, long after the date of the passage of the decree in this case, and under the alleged power conferred by the decree to make future sales, as it might appear to be advantageous to the Court.

The practical effect of such a decree, if sanctioned by the Court, as to the permanent ground rents, would not only violate the plain requirements and demands of the statute, 1868, ch. 273, but would confer powers that the testator, Dr. McCulloh, expressly declared should not be exercised by the trustee. And this, too, in a case where under the terms of the testator's will a large part of his estate may go to contingent remainder-men yet unborn.

But it is contended upon the part of the appellee, as stated in its brief, that if the Court exercised its jurisdictiction ·in this case erroneously by providing in its decree for such future sales, that error could only be corrected by an appeal, and the parties have not appealed and have therefore acquiesced in it.

There can be no question, as was said by this Court in *Hamilton* v. *Traber*, 78 Md. 28, if the Court had jurisdiction to pass the decree, any mere irregularity in the proceeding or defect in the proof could not be availed of to impeach the decree collaterally. But if the Court was wholly without jurisdiction to decree the sale of the property before it, the purchaser may successfully rely upon that want of jurisdiction to avoid the sale, because the decree would in such case be an absolute nullity. If it be an absolute nullity it is no decree at all and can never be treated or regarded as one.

We are therefore clearly of the opinion for the reasons stated that the testamentary trustee had no power conferred on it by the will of the testator, Dr. McCulloh, to make sale of the ground rent reported to have been sold in this case; that Circuit Court No. 2, of Baltimore City, had no power by virtue of its general chancery jurisdiction, nor under the Act of 1868, ch. 273, Code, Art. 16, sec. 198, to authorize the sale of the ground rent, under the decree passed in this case, and the Court below was therefore without jurisdiction to ratify and confirm the sale reported herein.

The *pro forma* decree passed on the 7th of September, 1900, by Circuit Court No. 2, of Baltimore City, overruling the exceptions and ratifying the sale, will be reversed and the cause remanded with costs.

*Decree reversed and cause remanded.*

(Decided January 18th, 1901.)