JULIAN S. CARTER, THE MANOR REAL ESTATE
AND TRUST COMPANY, AND THE PENN-
SYLVANIA RAILROAD COMPANY.

vs.

MICHAEL A. MULLIN AND ROLAND MITCHELL,
Trustees of Thomas W. Slater, Deceased.

*Wills: construction; trusts; trustees' powers to sell and re-invest.*

A testator left an estate to trustees, by different clauses of the
will, and bequeathed to them certain definite sums for specific
trusts therein set out; all the rest and residue of the estate he
bequeathed to the trustees to execute a certain other trust. The
residuary clause included the declaration of the testator, that
it was "in trust and confidence nevertheless that they will
invest the same, so far as the same may be uninvested, and col-
lect and invest the rents, issues and profits thereof, in such man-
ner as to increase the corpus or principal thereof." In a sub-
sequent clause it was provided that "for the purpose of enabling
the trustee, hereinbefore named, the better to execute the several
trusts, hereinbefore provided, I hereby authorize and empower
them to invest the trust funds in their hands in such good and
sufficient securities as they, or a majority of them shall select,
and to sell again, and convey for the purpose of any investment
or distribution, as often as in their judgment or that of a major-
ity of them, it shall be wise to do so." A proceeding for specific
performance was instituted by the trustees requiring a purchaser
to complete the purchase and pay for certain leasehold property,
a part of the residuary estate, which the trustees had sold; on
appeal it was held that the provision in the will empowering
the trustees to invest the trust funds in their hands in order the
better to execute the several trusts thereinbefore provided, gave
them full power to sell the property and estate irrespective of
whether or not the title to that particular portion had been held
by the testator in his life time, and that by the use of the
words "so far as the same may be uninvested" the testator did
not intend to limit the power of the trustees to invest.    p. 331

*Decided May 14th, 1914.*

Appeal from the Circuit Court of Baltimore City. (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Shirley Carter* (with a brief by *Bernard Carter & Sons*), for the appellant.

*Michael A. Mullin,* for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

The sole question involved in this appeal is, whether or not, under the powers in the will of Thomas W. Slater, the trustees had power to make sale of the leasehold property, the subject of this case.

By will Thomas W. Slater left a large estate to three trustees. After, by different clauses thereof, bequeathing certain definite sums to the trustees for certain trusts therein set out, he devised and bequeathed all the rest and residue of his estate to the trustees to execute the trusts, therein set out, for the benefit of his son and his son's children, upon the contingencies therein set out. The trustees named were also named as executors.

In March, 1896, upon application, the parties thereto being all the parties in interest who were *in esse* at the time, the Circuit Court of Baltimore City assumed jurisdiction of the trusts, and an auditor's account was passed, setting apart certain portions of the estate, to be held by the trustees in divisions, under the different clauses of the will. Held under the residuary clause was the leasehold property which is the subject of the sale in this case.

In April, 1913, the trustees, the appellees herein, entered into an agreement with Julian S. Carter for the sale of the said leasehold property, subject to the ratification thereof

by the Court. Said sale was reported and duly ratified with-
out objection. In said report it was stated that Julian S.
Carter was acting as the agent of the Pennsylvania Railroad
Company. Thereafter, upon the purchaser refusing to pay
the purchase price upon the tender of a deed by the trustees,
the trustees filed a petition praying that the purchaser be
compelled to comply with the terms of sale. Julian S. Carter
and the Manor Real Estate and Trust Company answered,
disclosing that the said Carter was acting as agent for the
Manor Real Estate and Trust Company in the purchase, and
claiming that the trustees had no power under the will of
Thomas W. Slater to make sale of the said property, and,
therefore, the Court was without jurisdiction to ratify the
same; and denying that the Court could ratify the sale under
its general chancery jurisdiction, since the requirements of
the Act of 1868, Chapter 273, or of section 198 of Article
16 of the Code (Bagby's Code, sec. 228, Art. 16) had not
been complied with. The Court, thereupon, decreed, that
the said Carter and the Manor Real Estate and Trust Com-
pany pay the amount of purchase money, and the trustees
convey the property; and upon the failure of the purchaser
to comply, before a certain day, that the writ of *fieri facias*
issue. This appeal was thereupon prosecuted.

So much of the residuary clause, as is important for the
purpose of a determination of this question, is as follows:
"In trust and confidence nevertheless that they will invest
the same, so far as the same may be uninvested, and collect
and invest the rents, issues and profits thereof in such man-
ner as to increase the corpus or principal thereof." In a sub-
sequent clause there is this provision: "For the purpose of
enabling the trustees hereinbefore named, the better to exe-
cute the several trusts, hereinbefore provided, I hereby
authorize and empower them to invest the trust funds in
their hands in such good and sufficient securities as they, or
a majority of them shall select, and the same to sell again
and convey for the purposes of re-investment or distribution

as often as in their judgment, or that of a majority of them, it shall be wise to do so."

This Court has so recently, in two carefully considered cases, reviewed the authorities on the question here involved and announced the law applicable, that we deem an extended discussion unnecessary. The appellants contend that by the last clause "the testator had reference only to the income, which he had already given them power to invest so as to increase the corpus, and the moneys he had bequeathed for investment by them," and did not refer to that part of the corpus which was invested in the lifetime of the testator. In the case of *Schloendorn* v. *Schmidt,* 115 Md. 74, the same contention was made. "It is contended by the appellee that the power conferred upon the trustees in this case, under the will of Frederick W. Schloendorn 'to invest and reinvest said rest, residue and remainder of my estate, in their judgment and discretion, and to pay the net income, etc.,' has reference only to the 'trust moneys coming into the hands of the trustees' and confers no power upon them 'to sell the real estate of which the testator took title during his lifetime' and which forms a part of 'the rest, residue and remainder' of the estate." After a thorough review of the authorities the opinion concludes: "We, therefore, think that it can be inferred from the power given, under the will, to the trustees 'to invest and re-invest,' in their judgment and discretion the said rest, residue and remainder of his estate, that it was the intention of the testator to confer upon such trustees the power to sell, in their judgment and discretion, the property of the estate, real or personal, including the property of which the testator died seized and possessed, as well as any property thereafter acquired by the trustees." To the same effect is the case of *Preston* v. *Safe Deposit and Trust Co.,* 116 Md. 211.

When, therefore, the testator, for the purpose of enabling the trustees "the better to execute the *several trusts* hereinbefore provided," empowered them to invest the "trust funds

in their hands," we think, upon the authority of the above cases, that it is clear that his intention was to arm them with full powers to sell the property of the estate, irrespective of whether or not the title to that particular portion had been held by the testator in his lifetime. That the words used were "trust funds" instead of trust estate, we do not think indicates that he intended that only money accruing by way of income was to be used for investments, for all through the will the words are used in the same sense adopted by us. A study of the language of the whole will shows, that by the use of the language "so far as the same may be uninvested" the testator did not intend to limit the power of the trustees to invest, and even though it should appear that he had done so, yet it becomes apparent that such was not his intention, when, in the effort to remove any doubt that might arise from the expressions used in the different clauses, he adds the general clause to enable them the better to execute the several trusts—not all but the one under the residuary clause, but "the several trusts hereinbefore provided."

The case of *Ball* v. *Safe Deposit and Trust Co.,* 92 Md. 503, relied upon by the appellants is readily distinguishable, from the fact that in the will in that case the testator expressly said that the property in question was not to be sold.

Since the appointment by will had been sanctioned by the Court upon assuming jurisdiction, it was proper and necessary that the sale should have been made subject to the ratification by the Court.

The decrees appealed from will, therefore, be affirmed, but under the circumstances of this case we think it proper that the costs of these proceedings in this Court be paid by the trustees out of the estate in their hands.

*Decree affirmed, appellees to pay the costs*
*in this Court.*