THOMAS C. HAYES *vs.* ALEXANDER ARMSTRONG
ET. AL., TRUSTEES IN BANKRUPTCY, ET AL.

*Judicial   Sale—Validity—Lack   of   Jurisdiction—Mechanic's
Lien—Time for Enforcement—Appointment of Receivers.*

When the court had no jurisdiction to pass a decree, under
which a sale has been made, it is proper for the court to refuse
to ratify the sale, the decree being in such case an absolute
nullity.                                            p. 272

If a court had jurisdiction to pass a decree for sale, an
error or irregularity therein can be reached and corrected only
by a direct appeal therefrom, or by a bill of review for errors
apparent, and it cannot be questioned by an exception by the
purchaser to the ratification of the sale.            p. 272

The jurisdiction of the court to pass a decree for the sale of
land depends upon the allegations of the bill, since it is by
such allegations that jurisdiction is conferred.       p. 272

Under Code, Art. 63, sec. 38, providing that a mechanic's
lien shall expire at the end of five years from the date on which
it was filed, unless revived by *scire facias,* a bill to foreclose
such a lien, filed after such five years, confers no jurisdiction
on the court to order a sale, and it is immaterial that, before
the expiration of the statutory period, receivers were appointed
for the owner of the property, for whom the work was done
by plaintiff, such a lien being enforcible against property in
the hands of receivers, with the permission of the court, if
not without it, and the custody by the receivers having expired
some months before the expiration of the statutory period.
                                              pp. 271-275

Where receivers are appointed for the owner of property
subject to a mechanic's lien, the rights of the receivers are
subject to the lien.                                 p. 275

Where land subject to a mechanic's lien is sold by receivers
under an order of a court of equity, the sale is subject to the
lien, unless the order authorized it to be otherwise sold.  p. 276

When land is sold by receivers subject to· a mechanic's lien thereon, the holder of the lien is not concerned with the audit of the receiver's accounts and the distribution of the proceeds of the sale, and cannot claim a prolongation of the lien, beyond the statutory period, until the ratification of such audit and distribution thereunder.                    p. 276

*Decided April 9th, 1924.*

Appeal from the Circuit Court for Frederick County, In Equity (WORTHINGTON, J.).

Bill by Thomas C. Hayes, trading as J. T. Hayes & Son, against the People's Garage Company and Anna E. Horner and others, partners, trading as Annan, Horner & Company, to foreclose a mechanic's lien, to which proceeding Alexander Armstrong and others, trustees in bankruptcy of the partners of Annan, Horner & Company, were made parties defendant. From a decree sustaining exceptions to a sale made under a decree in said proceeding, the plaintiff, Thomas C. Hayes, appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*E. Austin James* and *Alban M. Wood,* for the appellants.

*Parsons Newman* and *Paul R. Kach,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

On the 17th day of May, 1917, the appellant, Thomas C. Hayes, trading as J. T. Hayes & Son, filed in the Circuit Court for Frederick County his claim for a mechanic's lien against the garage building, and the lot of land upon which it is located, in the town of Emmittsburg, in said county, owned at that time by the People's Garage Company.

After the filing of said claim the People's Garage Company became financially embarrassed, and, on the 18th day of June, 1921, receivers were appointed to wind up its affairs. The receivers, pursuant to an order of court, passed on the

1st day of August, 1921, sold the garage property to the firm of Annan, Horner & Company, and on the 24th day of August, 1921, conveyed the same to Rosa J. Annan, Anna E. Horner, J. Stewart Annan and Andrew A. Horner, partners, trading as Annan, Horner & Company.

Thereafter, on the 4th day of May, 1922, the said Anna E. Horner, J. Stewart Annan and Andrew A. Horner, trading as Annan, Horner & Company, together with Elizabeth M. Annan, wife of the said J. Stewart Annan, and Bruce Horner, wife of the said Andrew A. Horner, executed unto the Farmers' State Bank a mortgage on said property to secure a loan of $5,000.

The mechanic's lien not having been paid, as claimed by the appellant, he, on the 20th day of October, 1922, filed his bill against the People's Garage Company, Annan, Horner & Company, and the Farmers' State Bank, in which he alleged, among other things, the facts we have stated, together with the further fact that the said property was sold by the receivers of the People's Garage Company to the firm of Annan, Horner & Co., *subject to said mechanic's lien,* which was still owing and unpaid, and asked that the said property described in the lien claim be sold, and the proceeds therefrom applied to the payment of such claim.

The People's Garage Company, by its receivers, Annan, Horner & Company, and the Farmers' State Bank, filed their answers to the bill, admitting the allegations therein contained, and consenting to the passage of a decree as prayed. The Farmers' State Bank, though consenting to the sale of the property, reserved a lien upon the proceeds of sale in lieu of the lien held by them upon the property.

Upon the filing of said answer, the court, on the first day of December, 1922, passed a decree by which it adjudged, ordered and decreed that the property be sold as prayed in the bill, and directed the trustees therein named to make the sale and to bring into court the proceeds, to be disposed of or distributed under its direction.

A sale was made under the decree on the 30th day of December, 1922, and reported to the court on the 10th day

of January, 1923, and upon such report a *nisi* order was passed on the next day, in which it was stated that the court would proceed on the second day of February, 1923, to act upon the report and to ratify and confirm the same, unless cause to the contrary was shown before the day named therein.

On the first day of February, 1923, John S. Hollinger, the purchaser of the property at said sale, filed exceptions to its ratification, and the court, by its decree of the 14th of February of the last-named year, sustained the exceptions, rejected the sale, revoked and annulled the decree under which it was made, and dismissed the bill. From that decree an appeal was taken to this Court on the 13th day of March, 1923.

On the first day of June, 1923, upon the petition of Alexander Armstrong, Vincent Seabold and John S. New, trustees in bankruptcy of Anna E. Horner, J. Stewart Annan, Andrew A. Horner and Edgar L. Annan, partners, trading as Annan, Horner & Company, the said bankruptcy trustees were made parties defendant to the proceedings for the enforcement of the mechanic's lien.

Eleven reasons are assigned by the purchaser, in the exceptions filed by him, why the sale made to him should not be ratified and confirmed. We need, however, refer to one only, and that is, that the court was without jurisdiction to pass the decree under which the sale was made, inasmuch as the mechanic's lien which formed the basis for the relief sought had expired, or had ceased to exist at the time of the filing of the bill which sought the enforcement of the lien; in other words, more than five years had expired between the filing of the mechanic's lien claim and the filing of the bill asking for its enforcement by the sale of the property upon which the lien rested, without a revival of the lien.

The statute, Code, art. 63, sec. 38, provides that a mechanic's lien "shall expire at the end of five years from the day on which it was filed, unless the same shall be revived by *scire facias* in the manner provided by law in the case of judgments, in which case such lien shall continue in like

manner for another period of five years, and so on from one such period to another, unless such lien be satisfied or extinguished by a sale or otherwise, according to law."

In this case the mechanic's lien claim was filed on the 17th day of May, 1917, and it was not until the 20th day of October, 1922, a period of more than five years and five months, that the bill was filed, without a revival of the lien as provided by the statute.

The inquiry, therefore, is, did the court have jurisdiction to pass the decree, under which the sale was made, upon a bill filed after the claim had ceased to be a lien? If the court was without jurisdiction to pass the decree, there can be no question as to the correctness of the court's decision in refusing to ratify the sale, as the decree in such case was an absolute nullity: *Ball* v. *Safe Deposit Co.,* 92 Md. 508. But if the court had jurisdiction to pass the decree, though wrongfully or irregularly passed, the sale made under it should not have been set aside, as such error or irregularity could only have been reached and corrected by a direct appeal from the decree, or by a bill of review for errors apparent; and where the court has jurisdiction, an exception by the purchaser to the ratification of the sale does not open for review the decree directing the property to be sold. *Miller's Equity Procedure,* page 592; *Newbold* v. *Schlens,* 66 Md. 585; *Brendel* v. *Zion Church,* 71 Md. 83; *Hamilton* v. *Traber,* 78 Md. 26; *Ball* v. *Safe Deposit Co., supra,* and other cases.

The jurisdiction of the court to pass a decree for the sale of land depends upon the allegations of the bill, for it is by such allegations that jurisdiction is conferred upon the court.

By the allegations of the bill before us, and the exhibits filed therewith as a part of the bill, it is clearly shown that, at the time of filing the bill, the lien resulting from the filing of the mechanic's lien claim had expired, and that at such time no such lien upon the property sought to be sold existed. The question is, therefore, presented, did the court, upon the alleged claim or indebtedness, which was no longer a lien upon the property, have the power or jurisdiction to pass a

decree for the sale of it to satisfy such alleged claim or indebtedness?

This precise question has never been presented and passed upon by this Court. But in *Lucas* v. *Taylor,* 105 Md. 90, where a bill was filed for the enforcement of a boat lien, the contention was made that, though the bill was filed while the lien still existed, a decree for its enforcement could not be passed thereunder after the expiration of two years from the filing of the claim, the time at which boat liens, under the statute, expire. The Court, after citing a number of cases where this Court had recognized the existence of a mechanic's lien after the expiration of five years from the filing of the claim, where its suit for enforcement had been instituted *within* that period, said: "The lien may be enforced by an appropriate suit in equity or *scire facias,* provided the proceedings be instituted within the five years mentioned in the statute," without regard to the time of entering the decree or judgment.

Although this question, as we have said, has not been before this Court, it has been passed upon by the Supreme Court of the State of Washington, in *Peterson* v. *Dillon,* 27 Wash. 78.

The statute in that state, under which the bill was filed, provided that "no (mechanic's) lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed, unless an action be commenced in the proper court within that time to enforce such lien."

In that case the action, so far as it affected the defendant Susan Dillon, wife of the other defendant, was not brought within the time limited by the statute. A judgment, however, was obtained therein and upon it an execution was issued, and the property sold thereunder. It was claimed by the defendants that the time limited for enforcing the lien, so far as Susan Dillon was concerned, had expired at the time of the institution of the action by which she was affected.

In speaking of this contention the court said: "In ordinary actions growing out of contract or tort, if one desires the benefit of the statute of limitations, he must urge it in some way, either by demurrer or answer * * * before we will review it here. * * * The mechanic's lien is altogether a creation of the statute, and is circumscribed by the terms of its own creation. It exists independent of any special contract. * * * The statute does not give the mechanic a right to his debt, but furnishes a remedy for its collection. 15 *Am & Eng. Enc. Law* 5. If Susan Dillon had pleaded that action was not brought within eight months after the notice was filed, her plea must have been sustained. *Seibs* v. *Engelhardt,* 78 Ala. 508; *Union National, etc., Loan Assn.* v. *Helberg,* 152 Ind. 139 (51 N. E. 916). But we think one seeking the benefit of the lien as its creation and duration are fixed by law must affirmatively show that at the time his action is brought the property sought to be charged is subject to the lien, and that the court has jurisdiction of the subject matter, and, if this does not appear, no cause of action to foreclose the lien exists. This must be so, for in an ordinary action the cause of action exists independent of any statute and it is personal in its nature. Hence the rights given to interpose the plea of the statute of limitations may be waived by the person affected by such action. But the lien given on a specific piece of property, for work done thereon, and the right to foreclose the same, does not exist independent of the statute. The statute creates and limits the duration of the lien. When the limit fixed by the statute for the duration of the lien is past, no lien exists, any more than if it had never been created. The statute gives jurisdiction to the court to foreclose the lien on certain conditions—the filing of a lien notice, and the commencement of the action within eight months after such notice is filed. If these things are not done, no jurisdiction exists in the court to foreclose the lien." And the court closed by saying that "so far as it (the judgment of the court below) decrees a foreclosure and sale of the lot, it is invalid, and the same

is set aside. It follows that the sale of the lot under the decree of foreclosure is also invalid."

It is also said in 18 *R. C. L.* 981, sec. 125: "The right to enforce a lien will be lost unless the lienor commences the action or proceeding within the time prescribed by the statute." And the same principle is enunciated in *Bryant* v. *Small,* 35 Wis. 208, where it is said: "This Court has held that the lien exists by virtue of the statute and the performance of the labor, or the furnishing of the materials, but nevertheless, the party must file his petition and commence his action within the period prescribed, to enforce it, or it will be lost. *Witte* v. *Meyer,* 11 Wis. 296," and other cases there cited.

Whatever may have been the position or attitude of the appellant in the court below, upon the question under discussion, he, in the brief of his counsel, does not contend that the law as stated above is not, generally speaking, the law applicable to mechanic's liens, but he asserts that in this case, upon the appointment of the receivers, before the expiration of five years from the filing of the lien claim, there was, under the general statute of limitations, a suspension of the running of the time, in which, under the statute in respect to mechanic's liens, the enforcement of it was to be commenced, and that such suspension lasted until an audit was made and a final order passed thereon, and distribution of the proceeds of sale made by the receivers.

In this contention we cannot agree with the appellant, for should it be held that the statute of limitations applies in any case to mechanics' liens with the effect here stated, it does not, we think, apply to the case before us.

The mechanic's lien was alive at the time of the appointment of the receivers and the rights they acquired, by reason of their appointment, in the land upon which the lien rested, were acquired subject to the lien. 23 *R. C. L.* 56, sec. 60. And that it was so sold is specifically alleged in the bill and admitted by the receivers in their answer thereto. In the deed by which the land was conveyed, filed as an exhibit with

the bill, the order under which it was sold and conveyed is mentioned and referred to, and, by that order it is not shown that the land was not sold subject to the lien, and unless the order authorized it to be otherwise sold, the sale thereunder was made subject to the lien. 23 *R. C. L.* 100, sec. 111.

If, therefore, the land was sold subject to the lien, the lienor was not entitled to any part of the proceeds from said sale, and we do not conceive how he was concerned with or in any way affected by the filing of the audit or its final ratification.

The lien was filed on May 17th, 1917. On the 18th day of June, 1921, the receivers were appointed for the garage company. On the first day of August, 1921, an order was passed authorizing the receivers to sell the property upon which the lien rested and, on the 24th day of the same month, the property was conveyed by the receivers to the purchaser under said sale. This all happened nine months before the expiration of the five years for the filing of the lien claim, though the bill in this case was not filed until October 20th, 1922, more than a year thereafter.

In no way did the proceedings or the acts of the receivers thereunder prevent the lienor from enforcing his lien within the time named in the statute. The property was in the custody of the receivers for less than two months, to wit, from the 18th day of June to the 1st day of August, and during that time the lienor could have enforced his lien, with the permission of the court, if not without it.

It is true that it is shown from the record, and by an agreement of the parties found in the record, that an audit was filed in the receivers' case and in that audit the claim of the lienor was allowed and, though he filed exceptions thereto, he, a few days thereafter, withdrew his objections and a check was given to and accepted by him for the amount distributed therein to him. This check he presented to the depository or bank at which the funds of the receivers had been deposited, but, because of the failure of the depository or bank, the check was not paid.

If the sale was not made subject to the lien, but free and clear of it, entitling the appellant to have his lien paid from the proceeds of the sale of the property, it is rather difficult to understand how the lien could have been enforced against the land if said sale was properly made.

In his contention the appellant relied upon the case of *Insolvent Estate of Leiman,* 32 Md. 225, which we think is not at all analogous to the case before us.

As more than five years had expired from the filing of the claim to the time when the bill was filed, without a revival of the lien, the lien had ceased to exist, when the attempt was made to enforce it, and as these facts were shown by the bill and the exhibits filed therewith, it is apparent, we think, upon the face of the proceedings, that the court was without jurisdiction to pass the decree for the sale of the lands to satisfy the claim or indebtedness of the appellant.

The decree of the court below will, therefore, be affirmed.

*Decree affirmed, with costs.*